IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Eugene Mitchell, Jr., ) | |
| ) | C/A No. 8:18-1586-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bryan Sterling and Michael McCall, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Robert Eugene Mitchell, Jr., ("Mitchell"), a state prisoner proceeding pro se, filed this action against Defendants Bryan Sterling and Michael McCall alleging claims pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' motion for summary judgment (ECF No. 33). (ECF No. 46). Mitchell timely filed objections to the Report (ECF No. 50) , and he subsequently supplemented his objections (ECF No. 54). Thereafter, Defendants filed a reply to Mitchell's objections. (ECF No. 55). Mitchell also filed a document captioned as a reply to Defendants' objections. (ECF No. 56).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In her Report, the magistrate judge concludes that Mitchell has failed to exhaust his

administrative remedies and recommends that Defendants' summary judgment motion be granted. (ECF No. 46 at 10). Defendants raised additional grounds, but because the magistrate judge recommends granting summary judgment on the exhaustion issues, she did not address the merits of the other grounds. *Id.* at n.4. In his objections, Mitchell contends that he could not exhaust his administrative remedies because he was placed in a medical holding cell at Ridgeland Correctional Institution on the date of the incident, and then sent to the CSU Unit at Broad River Correctional Institution for eleven days. (ECF No. 50 at 1). He argues that he was prevented from complying with the SCDC grievance procedure, which requires that an inmate file a Request to Staff Member form within eight days of the incident. (ECF No. 54 at 2).

The Prison Litigation Reform Act ("PLRA") mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, which means "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 91 (2006) (internal quotation marks and citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* "An inmate's failure to exhaust administrative remedies is an affirmative defense to be

pleaded and proven by the defendant." *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005).

The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). In SCDC, an inmate seeking to complain of prison conditions must first attempt to informally resolve the complaint within eight working days of the incident by filing a Request to Staff Member form. SCDC Policy/Procedure, Inmate Grievance System, GA-01.12 § 13.2 (May 12, 2014), http://www.doc.sc.gov/policy/GA-01-12.htm.pdf.[1] If the inmate's complaint is not resolved by filing a Request to Staff Member form, the inmate must file a Step 1 grievance within five working days of receiving a response. *Id.* The inmate must attach a copy of the Inmate Request to Staff Member form to his Step 1 grievance. *Id.* If an informal resolution is not possible, an inmate must file a Step 1 grievance with prison staff within five working days of the incident. *Id.* If an inmate is not satisfied with the Step 1 response, he may appeal the Step 1 decision by filing a Step 2 grievance with the warden. *Id.* Further, SCD policy provides that "[a]n inmate will submit a grievance within the time frames established in the policy." *Id.*

Mitchell contends that he was placed in the medical holding cell after the incident on March 4, 2018, and he never returned to Ridgeland Correctional Institution ("RCI"). (ECF No. 50 at 1). He alleges that he was transferred to Broad River Correctional Institution ("BRCI") where he remained for eleven days, and then he was transferred to MacDougal Correctional Institution ("MCI"). *Id.* He states that while in BRCI, he was placed in a special housing unit and stripped of all of his belongings and clothes. *Id.* at 2. He argues that he was prevented from timely complying with the SCDC grievance procedure, which requires that an inmate file a Request to Staff Member form within eight days of the incident. (ECF No. 54 at 2). In

---

[1] It is well-established that the court may take judicial notice of SCDC's Grievance Policy, SCDC Policy GA-01.12. *See Malik v. Ward*, No. 8:08-cv-01886-RBH, 2010 WL 936777, at *2 n.4 (D.S.C. Mar. 16, 2010) (holding that "[t]he Court may take judicial notice of the SCDC grievance process, specifically, SCDC Policy GA-01.12").

response, Defendants argue that Mitchell had three months after the alleged incident to file a grievance. (ECF No. 55 at 3).

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Viewing the evidence in a light most favorable to Mitchell, Mitchell could not have timely filed a Request to Staff Member form or even a Step 1 grievance, and SCDC grievance policy requires that an inmate submit his grievance within the time frame set forth in the policy. GA-01.12 § 13.2. Moreover, the SCDC grievance policy requires a Request to Staff Member form be attached to a Step 1 grievance. *Id.* Reviewing the record here, and considering the parties' arguments, the court finds that issues of material fact remain on the issue of exhaustion, which preclude the granting of summary judgment for Defendants at this time. Based on the record, Defendants have failed to show that the administrative grievance process was available to Mitchell and that he simply failed to take advantage of it. The record must be further developed to determine whether the grievance procedures were unavailable to Mitchell. Therefore, the court denies Defendants' motion for summary judgment on the ground of exhaustion.

Based on the foregoing, the court declines to adopts the Report (ECF No. 46), and instead denies Defendants' summary judgment on the ground that Mitchell failed to exhaust his administrative remedies. This matter is recommitted to the magistrate judge for her to consider the remaining grounds on which Defendants seek summary judgment. Therefore, Defendants' summary judgment motion (ECF No. 33) is **DENIED in part.**

    **IT IS SO ORDERED.**

    s/Timothy M. Cain
    United States District Judge

April 10, 2019
Anderson, South Carolina