IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert Eugene Mitchell, Jr., | ) | |
| | ) | C/A No. 8:18-1586-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan Sterling, Director of | ) | |
| SCDC; and Michael McCall, | ) | |
| Deputy Director of Operations, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Robert Eugene Mitchell, Jr., a prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Defendants Bryan Sterling, Director of South Carolina Department of Corrections ("SCDC"), and Michael McCall, Deputy Director of Operations, filed a motion for summary judgment. (ECF No. 33). On May 6, 2019, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that Defendants be granted summary judgment on the basis of Eleventh Amendment immunity for claims against the Defendants in their official capacity and denied as to the other claims. (ECF No. 60).[1] The parties were advised of their right to file objections to the Report. (ECF No. 60-1). Both parties timely filed objections to the Report. (ECF Nos. 62, 63).[2] Mitchell also filed a reply to Defendants' objections. (ECF No. 65).

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

[2] The magistrate judge previously filed a Report recommending that Defendants' summary judgment motion be granted on the basis that Mitchell had failed to exhaust his administrative remedies. (ECF No. 46). However, finding an issue of material fact in dispute, the court declined to adopt the Report and recommitted the case to the magistrate judge for consideration of the remaining grounds on which Defendants seek summary judgment. (ECF No. 57).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

In their summary judgment motion, Defendants contend that they are entitled to summary judgment because Mitchell's failure to protect claim fails as a matter of law, Mitchell has not alleged sufficient facts against each Defendant, and Defendants are entitled to qualified and Eleventh Amendment immunity. (ECF No. 33).[3] In response, Mitchell mostly repeats the allegations he made in his complaint. (ECF Nos. 38, 44).

In her Report, the magistrate judge agrees with Defendants that they are entitled to Eleventh Amendment immunity as to claims against them in their official capacities, but disagrees as to Defendants' other arguments. (ECF No. 60 at 11). Specifically, viewing the

---
[3]Defendants also argued that Mitchell failed to exhaust his administrative remedies. (ECF No. 33 at 3-4). As noted above, *supra* n.2, this issue was ruled upon in a prior order (ECF No. 57).

facts in a light most favorable to Mitchell as required, the magistrate judge concludes that Mitchell's mother and cousin informed Defendants of the gang member inmates' threats to beat and stab Mitchell if they did not pay them $5,000, and that Defendants denied Mitchell's request for protection, even after he reported being assaulted and threatened at knife point. *Id.* at 15. The magistrate judge found that a jury could find that Defendants acted unreasonably when they left Mitchell in the general population despite recognizing that he faced a substantial risk of serious physical injury from gang members who were threatening him. *Id.* at 16-17.

In his objections, Mitchell states that he accepts the Report in regard to his claims against Defendants in their official capacities, but he wants to move forward with a jury trial on his claims against Defendants in their individual capacities. (ECF No. 63). In their objections, Defendants specifically object to the magistrate judge's conclusions that Mitchell was assaulted or involved in a gang related altercation, that no actions were taken, and that Mitchell's injuries, if any, were more than de minimnus. (ECF No. 62 at 4). Specifically, Defendants argue that Mitchell has not filed any grievances regarding his alleged security clearance and that Mitchell did not raise the argument that he was prevented from filing a grievance until he filed objections to the prior Report. *Id.* Further, Defendants contend that from February 27 through April 3, 2018, Mitchell had forty-six medical visits, and "there is no report by [Mitchell] of being stabbed, being assaulted, being threatened at knifepoint, or suffering a broken finger." *Id.* at 3. Defendants state that Mitchell was in a fight with another inmate, a separation order was issued, and Mitchell was transferred to another institution. *Id.* at 4. Defendants object to the conclusions that the magistrate judge reaches in her Report because they argue that the

conclusions are based solely on the allegations in the complaint and not on evidence submitted by Mitchell. *Id.* at 5. In his response to Defendants' objections, Mitchell mainly disputes Defendants' recitation of what he told the mental health counselor. (ECF No. 65 at 2-3). Mitchell contends that he was attacked by five inmates who were gang members, and he specifically argues that he did not just get into a fight with another inmate. *Id.*

To state a claim for failure to protect from violence, an inmate must show: (1) serious or significant physical or emotional injury resulting from that failure, and (2) that the prison officials had a sufficiently culpable state of mind which in this context is deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).

Viewing the facts in a light most favorable to Mitchell, the court agrees with the magistrate judge's conclusion that a jury could reasonably find that Defendants failed to protect Mitchell. After Mitchell's mother and cousin informed Defendants of the gang member inmates' threats and Defendants denied him protection, Mitchell was assaulted and suffered injuries. As the magistrate judge noted, (ECF No. 60 at 17), Defendants have not presented any

evidence that a separation order was ever issued with regard to Mitchell. Furthermore, despite Defendants' objection, the magistrate judge did not err in basing her recommendation on the allegations in the complaint because "[a] verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co., Ltd.*, 783 F.3d 507, 516 (4th Cir. 2015); *see also Duff v. Potter*, 665 Fed. App'x 242, 243 (4th Cir. 2016) (reversing district court and holding that "[plaintiff's] statements in his complaint should have been considered by the court as admissible evidence rebutting the Defendants' evidence. It is clear that the district court did not do so, and to the extent that it may have, it resolved the factual disputes in favor of the moving party."). Mitchell's allegations in the verified complaint are sufficient to create a genuine issue of material fact as to his claims. "Although the Defendants submitted affidavits and support for the motion for summary judgment, the court may not consider these materials in a vacuum." *Duff*, 665 Fed. App'x at 245. The court must view the facts and inferences drawn from the facts in the non-moving party's favor. *Id.* Doing so, the court agrees with the magistrate judge that there are issues of material fact, which preclude granting Defendants' summary judgment motion. Accordingly the court finds Defendants' objections to be without merit.

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 60) and incorporates it herein. Defendants are granted summary judgment only as to Plaintiff's claims for monetary damages against Defendants in their official capacities. Otherwise, Defendants' summary judgment motion is denied.

Accordingly, Defendants' Summary Judgment Motion (ECF No. 33) is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 11, 2019

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.